**UNITED STATES of America**

v.

**Curtis TAYLOR et al., Defendants.**

**No. 09 CR. 415(VM).**

United States District Court,
S.D. New York.

Dec. 1, 2009.

Christopher Douglas Frey, U.S. Attorney's Office, New York, NY, for Plaintiff.

Kelley J. Sharkey, Kelley J. Sharkey, Esq., Brooklyn, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

### I. BACKGROUND

Curtis Taylor ("Taylor") is charged by indictment with possession of a controlled substance by fraud or forgery and, with two co-defendants, Hobbs Act robbery, conspiracy to commit Hobbs Acts robbery, and using a weapon during a crime of violence.

On September 11, 2009, Taylor filed five motions relating to these charges. The first two ask this Court to order the Government to immediately disclose all *Brady* material and evidence of prior bad acts that the Government intends to introduce at trial. The third motion seeks to suppress statements allegedly made by Taylor after he was arrested, on the grounds that his Fifth Amendment rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were violated. The fourth motion requests an evidentiary hearing so that Taylor may prove that false statements were either knowingly or recklessly included in the affidavit underlying a warrant issued for the search of his apartment. *See Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The final motion asks this Court to grant Taylor leave to file additional

motions as the legal and factual bases for them develop.

## II. *DISCUSSION*

### A. *MOTION FOR IMMEDIATE GOVERNMENT DISCLOSURE OF BRADY AND PRIOR BAD ACTS MATERIAL*

■ *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), holds that due process requires prosecutors to disclose to a defendant evidence favorable to his defense. *Brady* material includes information that can be used to impeach witnesses. *See, e.g., Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). Prosecutors must disclose this material even if "never requested [by the defendant], or requested only in a general way." *Kyles v. Whitley*, 514 U.S. 419, 433, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

Criminal defendants are also entitled to notice of prior bad acts evidence that the government intends to introduce at trial. *See* Fed.R.Evid. 404(b) (prosecution must give "reasonable notice" to defendant of prior bad acts evidence intended for use at trial).

In this case, the Government represents that it does not currently possess any *Brady* material and is aware of its ongoing obligation to promptly disclose such material. The Government has also indicated it will disclose to the defendant two weeks before trial any evidence of prior bad acts it intends to introduce at trial. The Court finds this to be reasonable notice. *See United States v. Solomonyan*, 451 F.Supp.2d 626, 646 (S.D.N.Y.2006) (holding that two weeks is "reasonable notice"

under Fed.R.Evid. 404(b) and collecting authorities holding same). The Court therefore DENIES Taylor's motion for immediate production of prior bad acts evidence.

### B. *MOTION TO SUPPRESS STATEMENTS*

On April 9, 2009, Taylor was arrested and questioned by law enforcement officials. Taylor now asserts that he ingested a large amount of medication before his arrest and as a consequence did not properly waive his *Miranda* rights before interrogation began. The Government consents to a hearing on this issue. Therefore, the Court orders a hearing to be held on March 17, 2010 at 10 a.m. concerning the admissibility of Taylor's alleged statements.[1]

### C. *MOTION FOR A FRANKS HEARING*

#### 1. *Legal Standard*

The Fourth Amendment mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Though a warrant affidavit is presumed to be correct, *Franks*, 438 U.S. at 171, 98 S.Ct. 2674, "[i]n certain circumstances . . . a defendant may challenge the truthfulness of factual statements made in the affidavit, and thereby undermine the validity of the warrant and the resulting search or seizure." *United States v. Awadallah*, 349 F.3d 42, 64 (2d Cir.2003).

■ Before a defendant is allowed an evidentiary hearing to challenge a warrant

---

**1.** The conference scheduled for December 18, 2009, is no longer necessary and is cancelled. Further, as scheduled by separate order, the hearing on March 17, 2010 will also consider the motions to suppress made by Taylor's co-defendants Antonio Rosario and Samuel Vasquez.

affidavit, *Franks* requires that the defendant first make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." 438 U.S. at 155–56, 98 S.Ct. 2674. This showing "must be more than conclusory and must be supported by more than a mere desire to cross-examine." *Id.* at 171, 98 S.Ct. 2674. The defendant must "point out specifically the portion of the warrant affidavit that is claimed to be false" and provide "a statement of supporting reasons." *Id.*

Once a defendant makes this showing, "if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Id.* at 154, 98 S.Ct. 2674.

### 2. *Factual Background*

Taylor's motion challenges the affidavit supporting a warrant used to search his apartment on April 9, 2009. The affidavit at issue was prepared by FBI Special Agent Steven Jensen ("Jensen") and was based on an investigation that included speaking with a DEA diversion investigator and a New York City Police Department officer. Based on this investigation, Jensen learned that on December 24, 2008 two people robbed a New York City pharmacy and took $12,000 and various controlled substances. Two months later, the alleged victim of the robbery identified Luana Miller ("Miller") as one of the robbers. Miller was arrested on March 9, 2009, soon confessed to the robbery, and implicated three other people in the crime, including Curtis Taylor.

According to Miller, Taylor acted as look-out while Miller and another person robbed the pharmacy. Miller also used Taylor's cell phone to call the pharmacy immediately before the robbery. Confirming this fact, a cell phone number purported to belong to Taylor was identified as being used near the pharmacy minutes before the robbery.

Miller also told authorities that Taylor was a drug dealer and that she had seen packaged heroin and guns at his apartment as recently as December 2008. Taylor, the affidavit continued, has a criminal history that includes drug-dealing charges. Based on this information, Jensen obtained a warrant on April 7, 2009, to search Taylor's apartment for drugs, guns, and proceeds of illegal activity.

In contrast to the detailed affidavit supporting the search warrant, Taylor's initial *Franks* showing consists of a sparse, half-page affidavit and the assertion in a memorandum of law that because Miller is a co-conspirator with Taylor, has had "prior contacts with the criminal justice system" and is an "unreliable reporter", Jensen's decision to include her statements in the affidavit was reckless. In particular, Taylor denies that he was a drug dealer in December 2008 and disputes that Miller ever saw heroin or guns at his apartment.

### 3. *Analysis*

■ The Court is not persuaded that Taylor has met his burden under *Franks.* Taylor has proffered nothing more than conclusory allegations that Miller is a liar and that Jensen acted recklessly by including her statements in the warrant affidavit. *Franks,* however, allows only the affiant himself to be impeached, 438 U.S. at 171, 98 S.Ct. 2674, and "every statement in a warrant affidavit does not have to be true." *United States v. Canfield,* 212 F.3d 713, 718 (2d Cir.2000) (citation and quotation marks omitted). Therefore, to obtain a hearing Taylor cannot merely assert that the information provided by Miller was false but instead must make a substantial showing that Jensen himself acted recklessly by including Miller's information in

the affidavit. Taylor did not do this. He only asserts that Miller is untrustworthy and implies that this untrustworthiness is so self-evident that Jensen's behavior in including her information in the affidavit without further investigation was reckless.

The four corners of the affidavit rebut Taylor's claim. Miller, who had been identified by the alleged victim via a photographic array, confessed to the robbery. Miller then implicated Taylor, a convicted felon, in the crime. Jensen had independent corroboration of Taylor's involvement from the data locating Taylor's cell phone near the pharmacy at the time of the robbery. These details suggest that Jensen acted reasonably in relying on Miller's information and including it in the affidavit.

Given this background, the Court finds that Taylor's proffer—conclusory allegations that Miller was untrustworthy—does not satisfy the burden imposed by *Franks* to make a substantial showing that the affiant, manifesting a reckless disregard for the truth, included false statements in an affidavit for a search warrant. Because Taylor has failed to meet this initial burden, the Court does not need to consider whether probable cause for the warrant existed even with the challenged portions of the affidavit removed. Accordingly, Taylor's motion for a *Franks* hearing is DENIED.

### D. *REQUEST TO FILE FUTURE MOTIONS*

Taylor also moved this Court for leave to file additional motions as the case continues. This request is premature and the Court will evaluate new motions as they are filed.

1. Michael J. Astrue, the current Commissioner of Social Security, took office as of February 12, 2007; pursuant to Fed.R.Civ.P. Rule 25(d)(1), he was then automatically substitut-

### III. *ORDER*

For the above reasons, it is hereby

**ORDERED** that the motion (Docket No. 22) of defendant Curtis Taylor ("Taylor") for immediate disclosure of prior bad acts evidence is DENIED; and it is further

**ORDERED** that Taylor's motion for a *Franks* hearing is DENIED; and it is further

**ORDERED** that the conference scheduled for December 18, 2009, at 10:30 a.m. is cancelled; and it is further

**ORDERED** that a hearing on Taylor's motion to suppress statements be held on March 17, 2010 at 10 a.m.

**SO ORDERED.**